UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM ROSS,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN DOES,<br><br>        Defendants. | CASE NO. C16-5469 RJB-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Before the Court for review is Plaintiff William Ross's proposed civil rights complaint. Dkt. 5. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 4. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by August 12, 2016**.

## BACKGROUND

Plaintiff is presently incarcerated at the Stafford Creek Corrections Center (SCCC). He alleges that on June 19, 2015, when he was incarcerated at the Coyote Ridge Corrections Center (CRCC), he slipped and fell on a wet floor in the kitchen where he was working and hit his head. He was not sent to medical until his shift was over. At that time, unidentified medical personnel allegedly made an unprofessional and inaccurate diagnosis. On June 21, 2015, plaintiff alleges

that he began to suffer pains in his left wrist and was feeling light headed, dizzy and had blurred vision. He was told by unidentified medical staff that if he got worse, he should let them know. Dkt. 5 at 4. Plaintiff claims that this behavior is unprofessional and seeks $80,000.00 in damages. *Id*.

**DISCUSSION**

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff names only "John Does" as plaintiffs. In his complaint, he refers only to unidentified "medical" staff as failing to treat his injuries. However, to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular named defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

1    In addition, this Court cannot serve a complaint on unnamed parties. It is not enough to
2 sue the entire CRCC medical department. Instead, plaintiff must name a particular defendant or
3 defendants and he must also be able to allege facts sufficient to show that the particular
4 defendant or defendants caused or personally participated in causing the deprivation of a
5 particular protected constitutional right.

## CONCLUSION

7    Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff
8 may show cause why his complaint should not be dismissed or may file an amended complaint to
9 cure, if possible, the deficiencies noted herein, **on or before August 12, 2016.** If an amended
10 complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case
11 number. Any cause of action alleged in the original complaint that is not alleged in the amended
12 complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in
13 part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

14    The Court will screen the amended complaint to determine whether it states a claim for
15 relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to
16 adequately address the issues raised herein, the Court will recommend dismissal of this action as
17 frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.
18 § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three
19 or more civil actions or appeals which are dismissed on grounds they are legally frivolous,
20 malicious, or fail to state a claim, will be precluded from bringing any other civil action or
21 appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical
22 injury." 28 U.S.C. § 1915(g).

1  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
2  **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**
3  **Sheet.**

4       **DATED** this 18th day of July, 2016.

*signature*

Karen L. Strombom
United States Magistrate Judge