UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM W. ROSS,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTION,<br><br>        Defendant. | CASE NO. 3:16-cv-05469-RJB<br><br>ORDER DENYING APPEAL FROM MAGISTRATE JUDGE ORDER |

      THIS MATTER comes before the Court on Plaintiff's appeal of an order of Magistrate Judge Karen Strombom denying Plaintiff's motion to appoint counsel. Dkt. 22. *See* Dkt. 14. The Court deems it unnecessary for Defendant to respond to the motion, which is otherwise ripe for consideration.

      In denying Plaintiff's motion to appoint counsel, the magistrate judge explained that because there is no right to counsel in § 1983 cases, courts appoint counsel only in exceptional circumstances. After weighing the likelihood of success on the merits (unlikely to succeed) and the complexity of the case (not complex), the magistrate judge concluded that Plaintiff had not

made a showing of exceptional circumstances and rejected the request for appointment of counsel. Dkt. 22.

Plaintiff's appeal argues that he lacks the education and comprehension necessary to represent himself, and that it is unfair to deny him appointed counsel. It appears Plaintiff completed education through the sixth grade. *See* Dkt. 24.

Fed. R. Civ. P.72(a) provides:

> (a) Nondispositive Matters**.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Applied here, the magistrate judge's order should be affirmed. Plaintiff's appeal does not make a showing of clear error by the magistrate judge in her rejection of the request for appointment of counsel. *See Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). This Court's review of the complaint shows that even if Plaintiff had shown a likelihood of success on the merits, Plaintiff has demonstrated an ability to adequately articulate issues to the Court. Furthermore, the subject matter, which centers on harm to Plaintiff based on Defendant's allegedly deficient medical treatment, is not overly complex. Plaintiff's appeal should be denied and the order affirmed.

Therefore, it is HEREBY ORDERED:

- Plaintiff's appeal of the Order by Magistrate Judge Karen Strombom denying Plaintiff's motion to appoint counsel (Dkt. 22) is **HEREBY DENIED**.
- The Order of Magistrate Judge Karen Strombom denying Plaintiff's motion to appoint counsel (Dkt. 22) **IS AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of December, 2016.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge