UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM ROSS,<br><br>                Plaintiff,<br>   v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>                Defendants. | Case No. C16-5469 RJB-TLF<br><br>ORDER RE-NOTING REPORT<br>AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation (R&R) of Judge Theresa L. Fricke, United States Magistrate Judge. Dkt. 45. The Court has reviewed the R&R, the Objections filed by Plaintiff (Dkt. 46), the Response filed by Defendants (Dkt. 47), and the remainder of the record.

In Plaintiff's Objections, Plaintiff asks that he be allowed to proceed to trial after the completion of discovery, because he "was denied Discovery process and [is] waiting on Public Records by the WDOC to use in his case." Dkt. 46 at 1. Plaintiff does not elaborate on what the discovery might show or how said discovery would impact the pending motion for summary judgment. *See id*.

Defendants respond to Plaintiff's Objections by arguing that (1) Plaintiff had sufficient time for discovery but did not avail himself of the opportunity; and (2) discovery would be futile, because Plaintiff voluntarily and admittedly chose not to pursue additional medical care. Dkt. 47.

Fed. R. Civ. P. 56(d) provides:

ORDER RE-NOTING REPORT AND
RECOMMENDATION - 1

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

The Court construes Plaintiff's Objections as a request to defer the motion under Fed. R. Civ. P. 56(d). Plaintiff has yet to receive public records he has requested, and he wishes to conduct additional discovery. Because Plaintiff is pro se, the Court should exercise its discretion to permit him to do so. Additional discovery and submissions should be limited in scope to the claim(s) against Defendant Cory Choisnet (named as Mr. Swannae) only. The R&R should be re-noted for approximately 90 days to give the parties the chance to supplement the threadbare record, through affidavits, deposition transcripts, or otherwise.

THEREFORE, it is HEREBY ORDERED:

The Objections to the Report and Recommendation (Dkt. 46) and the underlying Report and Recommendation (Dkt. 45) are RE-NOTED for **September 15, 2017**. Plaintiff's Supplemental Objections, including attachments, must be filed by Friday, September 9, 2017, and Defendants' Supplemental Response to Objections must be filed by September 15, 2017.

Limited discovery may proceed under the following limitations:

(1) Discovery may be conducted only as to what occurred on the day of the incident, June 19, 2015, and the claim against Defendant Cory Choisnet.

(2) Plaintiff may propound discovery to Defendant Cory Choisnet.

(3) Plaintiff may submit affidavits of other inmates who witnessed the incident on June 19, 2015.

(4) All discovery shall be completed by September 1, 2017.

IT IS SO ORDERED.

Dated this 15th day of June, 2017.

ROBERT J. BRYAN
United States District Judge