UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM ROSS,<br><br>        Plaintiff,<br> v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 3:16-cv-05469-RJB<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS ORDER is issued upon review of the Report and Recommendation of Magistrate Judge Theresa Fricke. Dkt. 45. The R&R recommends that the Court grant Defendants' motion for summary judgment of dismissal. *See* Dkt. 35.

This case stems from the allegation that Plaintiff sustained harm from Defendants' inadequate response to a slip and fall incident at a corrections facility. Named in the Complaint are Defendants Washington Department of Corrections, Bernard Warner, Richard Morgan,

ORDER ON REPORT AND RECOMMENDATION - 1

Jeffrey Uttecht, Melissa Andrewjeski, Jacqueline Fluiatt, Chad Davis, Steven Hammond, Consuelo Wallace, and Cory A. Choisnet (identified by Plaintiff as "Mr. Swannae").

The Complaint alleges a 42 U.S.C. §1983 cause of action, alleging that, in violation of Plaintiff's Eighth Amendment rights, Defendants responded to a serious medical need with deliberate indifference. Dkt. 11. The R&R recommends (1) dismissal of all the defendants, on grounds that Plaintiff has not shown deliberate indifference to a serious medical need; (2) dismissal as to all defendants, except Defendant Wallace and Defendant Choisnet, on grounds that Plaintiff has not shown the defendants' personal participation; and (3) rejecting Defendants' argument that dismissal is warranted for failure to exhaust administrative remedies. Dkt. 45 at 8-13.

The Court incorporates the R&R and HEREBY ADOPTS these three recommendations. The 42 U.S.C. §1983 cause of action is HEREBY DISMISSED as to all defendants.

The Complaint also alleges two state law causes of action for medical malpractice and negligence. Dkt. 45 at 13, 14. The R&R recommends that the Court decline to exercise its supplemental jurisdiction and dismiss the state law causes of action without prejudice.

The Court incorporates the R&R and HEREBY ADOPTS this recommendation. The Court declines to exercise its supplemental jurisdiction over the state law causes of action for medical malpractice and negligence. These causes of action are HEREBY DISMISSED WITHOUT PREJUDICE as to all defendants.

\* \* \*

Herein the Court adds analysis to the R&R, based on Plaintiff's Objections and supplements thereto. *See* Dkts. 54, 56, 73.

Plaintiff's Objection requested more time for discovery. The Objection did not specify what discovery remained or how the discovery could impact the pending motion for summary judgment. Dkt. 46. Airing on the side of caution, the Court renoted the R&R from May 16, 2017 to September 15, 2017, to give Plaintiff an opportunity to conduct additional discovery, but limited its scope to "what occurred on the day of the incident . . . and the claim against Defendant Cory Choisnet." Dkt. 48 at 2. Prior to the September 15, 2017 deadline, Plaintiff had difficulty obtaining the affidavit Elgen McCoy, another inmate who witnessed part of the incident, but this issue was resolved with a discovery status conference and several rounds of pleadings. Dkts. 56, 58, 59, 60, 62-64, 66, 68, 73. No additional discovery issues remain unresolved, and Plaintiff's most recent supplement to his Objection includes Mr. McCoy's affidavit. Dkt. 73 at 14, 15.

In a supplement to Plaintiff's Objection, Plaintiff asks the Court to "deny the Defendants' Motion for Summary Judgment and reverse the Magistrate's R&R to go back and head for trial as to the claims Plaintiff makes against Choisnet[.]" Dkt. 54 at 4. This request appears to concede dismissal of all claims but those against Defendant Choisnet. In light of Plaintiff's request, as well as Plaintiff's supplemental objections, which include the addition of Mr. McCoy's affidavit to the record, the Court will analyze the Eighth Amendment cause of action against Defendant Choisnet. (The parties did not brief the merits of the two state law causes of action for medical malpractice and negligence.)

a. <u>Facts.</u>

According to Plaintiff's sworn affidavit, while helping with sweeping and mopping on June 19, 2015, at approximately 6:30-6:45pm, Plaintiff "slipped and fell with equipment in [his] hands." Dkt. 42 at 5 (6:45pm). *See* Dkt. 54 at 2, 13 (6:30pm). Plaintiff recalls that there were no

wet floor signs, but he does not accuse any defendants of directly causing his fall. *See* Dkt. 45 at 5. Plaintiff states that "[b]ecause of the equipment, [he] could not break [his] fall and [he] cracked [his] head on the tile." Dkt. 42 at 5. Plaintiff reports that he "was hurt bad, could not see or think clearly." Dkt. 73 at 7.

Plaintiff recounts the following about Defendant Choisnet:

> Mr. Choisnet watched me fall but refused to send me to medical for a check-up. After about an hour of pain and dizziness, I called a medical emergency, and was finally allowed to go to medical only AFTER MY SHIFT was over per C. Choisnet's directive.

Dkt. 42 at 6.

Plaintiff was examined at approximately 7:25pm by Defendant Consuelo Wallace, a Registered Nurse. Dkt. 54 at 21. Defendant Wallace's report states:

> S[Subjective]: call from kitchen, pt [patient] fell @work, hit back of head.
>
> O[Objective]: no LOC [loss of consciousness], pupils equal + reactive, grips equal + strong, no bruising, no abrasion, no lump. Pt [patient] denies pain.
>
> A[Assessment]: no acute issues.
>
> P[Plan]: f/u PRN, no further intervention indicated @ this time.

Dkt. 54 at 21. Plaintiff has since felt symptoms of dizziness and lack of equilibrium. Dkt. 11 at 12.

The record does not contain any affidavit or deposition testimony of Defendant Choisnet, but Defendant Choisnet apparently completed an "accident/injury" report about the incident. *See* Dkt. 54 at 13-15. Unclear in the report is whether the report reflects facts from the point of view of Defendant Choisnet or Plaintiff. Defendant Choisnet's report states that at 6:30pm Plaintiff "slipped on wet floor." Dkt. 54 at 13, 14. The report also states "back of the head" as the part of the body affected and describes the injury as "Nothing yet, No swelling, no blood." *Id*. In

response to a prompt about what actions should be taken to prevent future accidents of this type, the report states, "I will walk slower." *Id.*

The sworn affidavit by another inmate, Mr. McCoy, states:

> I did not see Mr. Ross fall. I do know that he did not get medical attention until after he got off work that night. Also, I want it to be noted that . . . the floor is always wet and the wet floor signs are not always set up.

Dkt. 73 at 14.

   b. <u>Deliberate indifference to serious medical needs in violation of the Eighth Amendment.</u>

"To set forth a constitutional claim under the Eighth Amendment predicated upon the failure to provide medical treatment, first the plaintiff must show a serious medical need[.] Second, a plaintiff must show the defendant's response to the need was deliberately indifferent." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013). The first prong, "serious medical need," is an objective component. A prisoner has a "serious" medical need if the failure to treat the condition "could result in further significant injury or the unnecessary and wanton infliction of pain." *Doty v. County of Lassen*, 37 F.3d 540 (9th Cir. 1994).

The second prong, "deliberate indifference," requires a showing that the defendant was "(a) subjectively aware of the serious medical need and (b) failed to adequately respond." *Lemire*, 726 F.3d at 1082 (emphasis omitted). Put differently, an official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. 825, 834 (1994). "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison [officials] provide medical care." *Id.* at 1081 (citations and internal quotations marks omitted). "[T]he indifference to [a prisoner's] medical needs must be substantial. Mere 'indifference,'

ORDER ON REPORT AND RECOMMENDATION - 5

'negligence,' or 'medical malpractice' will not support this [claim]." *Id*., citing *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir.1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *Id*., citing *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990).

Applied here, for purposes of summary judgment, the objective prong of serious medical need is satisfied, where Plaintiff states that he fell and hit the back of his head on the kitchen floor. The injury caused dizziness, and Plaintiff "was hurt bad, could not see or think clearly." When an inmate sustains a head injury, whatever the cause, this may be the type of injury that goes beyond "[t]he routine discomfort that results from incarceration[.]" *McGuckin v. Smith*, 974 F.2d 1050, 159 (9th Cir. 1992). The record does not show that delay of care for approximately one hour resulted in "further significant injury" to Plaintiff, e.g., through loss of blood or medical complications, but under the assumption that Plaintiff told Defendant Choisnet of his pain but was required to complete the cleaning shift, a trier of fact could yet find an "unnecessary and wanton infliction of pain," which satisfies the objective prong.

The second prong of deliberate indifference is more problematic for Plaintiff. The working theory appears to be that Defendant Choisnet knew of Plaintiff's injury but delayed Plaintiff's access to medical care by approximately one hour. The delay in care arguably creates an issue of fact about whether Defendant Choisnet failed to adequately respond to Plaintiff's serious medical need, but there is no showing that Defendant Choisnet was subjectively aware of the seriousness of the medical need. The record shows that Defendant Choisnet had general awareness of Plaintiff's injury, e.g., that Plaintiff had slipped and hit the back of his head, but there is no indication that Defendant Choisnet knew of its seriousness. Defendant Choisnet's report describes the injury as "Nothing yet, No swelling, no blood."

The surrounding circumstances do not undermine the conclusion that Defendant Choisnet had no knowledge of the seriousness of the medical need. Plaintiff's external, visible symptoms did not themselves point to a serious medical need, so Defendant Choisnet could gauge the seriousness of the medical need only from Plaintiff's subjective statements, but their exact content and timing are unclear in the record. Mr. McCoy's statement is of no assistance to Plaintiff. The after-the-fact nurse's report by Defendant Wallace only serves to support the findings in Defendant Choisnet's report, where Defendant Wallace reported no loss of consciousness, bruising, lumps, or abrasions, and no acute issues requiring intervention. There is no showing that Defendant Choisnet had an awareness of the seriousness of Plaintiff's medical need, so the subjective prong is not satisfied.

The record does not show issues of fact about deliberate indifference to a serious medical need in violation of the Eighth Amendment, because the subjective prong of deliberate indifference is not satisfied. Summary judgment in favor of Defendant should be granted as to this cause of action.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of January, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge